[No. 368-41314-1.    Division One—Panel 2.    November 9, 1970.]

ANNE B. NORBECK, *Respondent,* v. MUTUAL OF OMAHA INSURANCE COMPANY, *Appellant.*

*Lee, Carney, Smart & Bever* and *Milton C. Smith,* for appellant.

*Allen, DeGarmo & Leedy* and *Richard M. Stanislaw,* for respondent.

WILLIAMS, J.—The trial court, sitting without a jury, awarded respondent, Anne B. Norbeck, judgment for the death benefit in a group accident policy which had insured her husband against accidental injury or death. The decedent, a steel construction superintendent, fell, sustaining

serious head injuries. Eighty-two days after the accident he died of a self-inflicted gunshot wound.

The policy provided:

> When the Insured or a dependent, because of injuries, shall suffer any of the following specific losses within twelve months from the date of the accident, the Company will pay for loss of:
>
> Life . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Principal Sum.

Injuries were defined as meaning "accidental bodily injuries which are received while the Insured is insured under the policy and which result in covered loss independently of sickness and all other causes." It was further provided that the policy did not cover "(1) suicide or any attempt thereat, sane or insane."

In its appeal, the insurer, Mutual of Omaha Insurance Company, contends that it is not liable because of the suicide exception.

There was substantial medical evidence upon which the trial court could and did find that the injury to the brain was both organic and psychological in nature, causing a generalized impairment of its functions; that the self-infliction of the mortal wound was the result of an uncontrollable impulse resulting from the brain damage; and that the accident was the direct and proximate cause of death.

The question thus presented is this: Did death come about "because of injuries" or because of suicide, sane or insane? The general rule of causation adopted by our Supreme Court is:

> ". . . that ordinarily the direct and proximate cause is that which sets in motion a train of events which brings about a result without the intervention of any force operating or working actively from a new and independent source,"

*Hanley v. Occidental Life Ins. Co.,* 164 Wash. 320, 2 P.2d 636 (1931), quoting 6 G. Couch, Cyclopedia of Insurance Law § 1471 (1930).

*Hanley* was an action upon an accident and sickness policy wherein an accidental injury to the inner side of the leg of the insured created a blood clot which led to his death

from pneumonia. It was the opinion of the court, based upon expert testimony, that the proximate cause of death was solely through external, violent, and accidental means within the provisions of the policy, even though the insured died of septic pneumonia. A similar case demonstrating that a "proximate" cause need not be the "immediate" cause of death is *Day v. Great Eastern Cas. Co.*, 104 Wash. 575, 177 P. 650 (1919). There the accidental injury was a bruise which developed into a carbuncle, then into an infection which was the immediate cause of death. It was held that death was caused by external, violent, and accidental means within the terms of the accident policy. *Hemrich v. Aetna Life Ins. Co.*, 188 Wash. 652, 63 P.2d 432 (1936), concerns a death claim on an accident policy. The insured slipped on the street, breaking his left leg. A clot formed in his groin, and he died of thrombosis of the pulmonary artery. The court said: "If the accident caused a change in or upon the body of the insured that caused his death, manifestly the accident was responsible for the death." Also, *see Kane v. Order of United Commercial Travelers of America*, 3 Wn.2d 355, 100 P.2d 1036 (1940).

The chain of causation from injury to uncontrollable or irresistible impulse to death by self-destruction has been recognized by our Supreme Court in workmen's compensation cases. *Schwab v. Department of Labor & Indus.*, 76 Wn.2d 784, 459 P.2d 1 (1969); *Karlen v. Department of Labor & Indus.*, 41 Wn.2d 301, 249 P.2d 364 (1952); *Gatterdam v. Department of Labor & Indus.*, 185 Wash. 628, 56 P.2d 693 (1936). The same is true of tort claims. *Orcutt v. Spokane County*, 58 Wn.2d 846, 364 P.2d 1102 (1961).

The case most directly in point from a factual standpoint is *Travelers' Ins. Co. v. Melick*, 65 F. 178, 27 L.R.A. 629 (8th Cir. 1894). There the decedent received an accidental gunshot wound in his foot. He was seized with tetanus, resulting in such pain that he cut his own throat. The accident policy sued upon excepted coverage if there was suicide, sane or insane. The insurer contended that the cutting was a new and sufficient cause of death which

intervened between the shot wound and death. The court said at page 186:

This position is untenable, because in the state of facts set forth in this instruction the cutting was not a new cause, nor a cause independent of the original efficient cause,—the shot wound. It was only an effect of that cause,—an incidental means produced and used by the original moving cause to produce its fatal effect. In the absence of the shot wound the cutting would never have been. That was dependent entirely for its existence and for its effect upon the original accident, and was a mere link in the chain of causation between that and the death.

We believe the same principle to be applicable in this case. The trial court found upon substantial evidence that the loss was suffered because of the injuries which the decedent sustained in the fall, resulting in his death.

The judgment of the trial court is affirmed.

JAMES, C. J., and FARRIS, J., concur.

Petition for rehearing denied January 27, 1971.

Review denied by Supreme Court March 19, 1971.